IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALKEBULAN, INC.** | : | |
| **dba Ujamaa and Juneteenth** | : | |
| **c/o Statutory Agent Mustafaa Shabazz** | : | Case No. |
| **1511 E. Livingston Ave.** | : | |
| **Columbus, Ohio 43205** | : | |
| | : | **Complaint and Jury Demand** |
| **And** | : | |
| | : | |
| **MUSTAFAA SHABAZZ** | : | |
| **1511 E. Livingston Ave.** | : | |
| **Columbus, Ohio 43205** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **THE CITY OF COLUMBUS** | : | |
| **DIVISION OF POLICE** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **And** | : | |
| | : | |
| **THE CITY OF COLUMBUS** | : | |
| **c/o City Attorney's Office** | : | |
| **90 W. Broad St., Suite 200** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **And** | : | |
| | : | |
| **LT. BELA A. BERNHARDT #5072** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

And                                  :

**THE CITY OF COLUMBUS**      :
**DEPARTMENT OF RECREATION**  :
**AND PARKS**                    :
**1111 E. Broad St.**              :
**Columbus, Ohio 43205**       :
                                      :

And                                    :

**UNKNOWN CITY OF COLUMBUS**  :
 **OFFICIALS 1-100**              :
                                      :

      **Defendants.**            :

## COMPLAINT

Now comes Plaintiffs, ALKEBULAN, INC. and MUSTAFAA SHABAZZ, by and through counsel Byron L. Potts, and respectfully states the following:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. Section 1983, breach of contract and promissory estoppel. The jurisdiction of this Court is predicated on 28 U.S.C. Sections 1343, 1331 and 1367.

3. The acts giving rise to Plaintiff's claims occurred in the city of Columbus, state of Ohio, county of Franklin, and therefore, the appropriate venue for this action is the United States District Court for the Southern District of Ohio.

## PARTIES

4. Plaintiff Alkebulan, Inc. is a non-profit corporation registered with the Secretary of State of Ohio and operating under the laws of Ohio. Alkebulan, Inc. has at all times relevant, had its principle place of business located in the city of Columbus, Franklin County, Ohio.

5. Plaintiff Mustafaa Shabazz is the founder and Chief Executive Officer for Plaintiff Alkebulan, Inc. and at all times relevant was acting in such capacity for Plaintiff Alkebulan, Inc.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

2

6. Defendant Columbus Division of Police (hereinafter referred to as "Defendant CPD") is a government entity duly authorized and operating under the laws of Ohio. It maintained, at all times relevant, a custom and policy and acquiesced and approved the unconstitutional and other acts complained of herein, including, those of Defendant Bernhardt and others unknown. It has a duty to abide by the laws of the State of Ohio and the Constitution of the United States.

7. Defendant Lieutenant Bela Bernhardt (hereinafter referred to as "Defendant Bernhardt") was at all times relevant acting within the scope of his employment and under color of state law. He is sued in both his individual and official capacity.

8. Defendant Columbus Department of Recreation and Parks (hereinafter referred to as "Defendant Parks") is a government entity duly authorized and operating under the laws of Ohio, and has a duty to abide by the laws of the State of Ohio and the Constitution of the United States. It has a custom and policy that does not provide pre or post deprivation due process when permits issued by it are revoked or terminated.

9. Defendant City of Columbus is a government entity duly authorized and operating under the laws of Ohio; a municipal corporation and a political-subdivision. It maintained, at all times relevant, a custom and policy and acquiesced and approved the unconstitutional and other acts complained of herein, including, those of Defendants CPD, Parks and Bernhardt and others unknown. It has a duty to abide by the laws of the State of Ohio and the Constitution of the United States.

10. The true names and capacities, whether individual, official, servant, agent, corporation, department or otherwise, of Defendants sued herein in both individual and official capacities as Unknown Columbus City Officials 1 through 100, inclusive, presently are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names of Unknown Columbus City Officials 1 through 100 when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants participated in some or all of the acts alleged herein.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

3

## FACTS

11. Plaintiff Alkebulan, Inc. (hereinafter referred to as "Plaintiff Alkebulan") is a non-profit social service and welfare organization providing youth development, violence prevention and cultural education services primarily to the African American community with a goal of improving the living conditions amongst the inner city residents of Columbus, Ohio.

12. Plaintiff Alkebulan has been the primary sponsor for the Juneteenth Festival in Columbus, Ohio for the past twenty-three (23) consecutive years. Juneteenth is a cultural festival, which is celebrated in over 200 cities across the nation. It commemorates, June 19, 1865, which is considered the date when the last slaves in America were freed in Texas. It is known by millions of Americans as the day of liberation for millions of enslaved blacks, and represents the exercise of the cultural minority's Constitutional rights of freedom of association, assembly and speech.

13. Plaintiff Mustafaa Shabazz was the Organizer of the Juneteenth events and has been for over twenty-three (23) years. In such capacity, he solicits and obtains vendors, entertainers, businesses, associations, and the citizenry-public as a whole to associate, assemble, speak and to participate in and for the event.

14. Beginning in 2012, Plaintiff Alkebulan used the revenue generated from the Juneteenth festival to obtain a Special Event Permit from Defendant Parks to hold another annual two day festival targeting speech, association and assembly from the African American and other communities, namely, the Soul Food Music Festival on Labor Day weekend in Columbus, Ohio.

15. On May 7, 2013, Plaintiffs met with representatives for Defendants City, Parks and CPD at Wolfe Park shelter house for a City Meeting that was scheduled to discuss the agenda and event specifications for the 2013 Juneteenth Ohio Festival in Columbus, Ohio (hereinafter referred to as "Juneteenth"). At such meeting various aspects of Juneteenth were discussed, including the venue, expected attendance, musical entertainment, number of food and merchandise vendors, and Defendant Division of Police's comprehensive security plan, and the cost to Plaintiffs for the execution of the mandated security plan at Juneteenth.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

4

16. Defendant Parks' Special Event Application expressly states, "[a]nytime money is collected in a city park applicant must hire a minimum of 1 police officer. Columbus Police will determine how many officers are required for your event." (See Exhibit A)

17. Plaintiff Shabazz on behalf of himself and Plaintiff Alkebulan paid Defendant Parks permit fee and Defendant CPD's fee for providing security according to the mandated security plan.

18. Plaintiffs contracted for entertainment, food and merchandise vendors, City of Columbus permits, sound equipment, advertising, insurance, etc. in order to host the three (3) day Juneteenth event.

19. On June 12, 2013, Defendant Parks issued a Special Event Permit to Plaintiff Alkebulan for Juneteenth, which authorized Plaintiff Alkebulan to hold the weekend event on June 14, 15 and 16 of 2013 at Franklin Park in Columbus, Ohio.

20. On June 15, 2013 at approximately 7:00 pm, the 2013 Juneteenth Ohio Festival was abruptly shut down by Defendant CPD at the direction of Defendant Bernhardt after a minor was shot in the leg. Although, the suspect(s) of the shooting was identified and arrested, Defendant Bernhardt also cancelled the third day of Juneteenth, even though Plaintiffs permit authorized it to be held on Sunday, June 16, 2013.

21. The third and final day of Juneteenth has always been held on a Sunday in June. Plaintiffs have always promoted and scheduled the most anticipated activities, speeches, medical assistance, entertainment and attractions for the final day of Juneteenth, and therefore, have always produced the largest assembly of participants, public, associations and revenue on the final day of the festival.

22. The following events were scheduled to be held at Franklin Park on June 16, 2013 for the final day of Juneteenth:

a). Old School Concert featuring "Lakeside" on the main stage;

b). Natural Hair Expo in the Adventure Center;

c). Wellness Expo in the Adventure Center;

d). Soul food pavilion in the parking lot;

e). Paradise Market Place Food Court;

f). Children's Pavilion on the park lawn;

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

g).City Council member Pricilla Tyson was scheduled to read the Emancipation Proclamation to the public.

23. Upon information and belief, Defendant Bernhardt cited safety concerns when he used his discretion, which was authorized by Defendant City's lack of or overly broad regulations and/or customs and/or policies for police power, to shut down the Juneteenth Festival for the remainder of the event on June 15, 2013 and for the entire day on June 16, 2013.

24. According to the Event Cost Worksheet, Defendant CPD billed Plaintiff Alkebulan $16,257.12 for providing security services on Friday, June 14, 2013, and $16,641.48 for the same on Saturday, June 15, 2013.

25. Although, Defendants CPD and Bernhardt shut down Juneteenth on Saturday June 15, 2013, Defendants City and Parks have refused to waive fees associated with the third day of Juneteenth, Sunday June 16, 2013, which was cancelled on account of Defendant Bernhardt's decision to shut down Juneteenth.

26. On September 3, 2013, Plaintiffs were informed by Defendant City and Defendant Parks that they would be ineligible to apply for a Special Event Permit for the 2014 Juneteenth Festival, because they had not paid all fees owed to Defendant City from the 2013 Juneteenth Festival.

27. Due to Defendants aforementioned unlawful actions, Plaintiffs became financially insolvent and do not have the revenue to continue its operations, including Juneteenth and the Soul Food Music Festival.

28. Plaintiffs submitted a request for public information regarding the circumstances of Defendant Bernhardt's decision to shut down Juneteenth, but Defendants City and CPD have failed to provide a full release of such information.

29. As a direct and proximate result of Defendants' action of shutting down Juneteenth, Plaintiff Mustaffa Shabazz suffered personal, monetary, and other loses that include an infringement upon the right to assemble, associate, and free speech.

30. As a direct and proximate result of Defendants' action of shutting down Juneteenth, Plaintiff Alkebulan is financially insolvent and has suffered compensatory damages, economic loss, damage to it's reputation, damage to business relationships, as well as other damages.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

## FIRST CLAIM: VIOLATION OF FIRST AMENDMENT
## FREEDOM OF SPEECH, ASSOCIATION AND ASSEMBLY

31. Plaintiffs incorporate the foregoing paragraphs 1-30 as if fully rewritten herein.

32. Defendants violated Plaintiffs' and other citizens First Amendment rights of free speech, association and assembly by denying them the use of public land to discuss public issues.

33. Upon information and belief, similar incidents, including shootings have occurred at other festivals in Columbus, Ohio that are held annually and Defendants did not shut down such festivals nor deny the operator a Special Event Permit the following year.

34. Defendants' regulations allow them unlimited discretion in the exercise of their police power and the lack of such limitations cause their power to be so broad in scope that they stifle Plaintiffs' and other citizen's First Amendment rights. Defendants have applied their broad scope of power unequally to Plaintiffs' operations by discriminating against the content of public speech and the African American and other communities' right to peaceful assembly, association and speech.

35. Upon information and belief, Plaintiffs operate the only cultural festivals that traditionally target speech, association and assembly from the African American community in the city of Columbus.

36. The restrictions on speech at issue here are not content neutral because Defendants are issuing Special Event Permits for other cultural festivals where participants assemble and speak in public spaces, while Plaintiffs and it's Juneteenth participants were removed at the Defendants' discretion, and now are barred from further participation in the festival due to Defendants denying Plaintiffs a Special Event Permit.

37. Upon information and belief, Defendants' closure of the Juneteenth Festival was undertaken for the express purpose of preventing a group of primarily African-American individuals from peaceably assembling to discuss issues of public concern, including but not limited to social issues arising from racial discrimination and income inequality.

38. Defendants' action of refusing to issue a Special Event Permit for the 2014 Juneteenth Event was in retaliation for Plaintiffs' complaints to City officials about

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

the unconstitutional closing of the event which constitutes a violation of the First Amendment of the United States Constitution.

39. As a direct and proximate result of the aforementioned acts, Defendants have violated Plaintiffs and its audience's First Amendment protected expressive activity rights of speech, association and assembly.

## SECOND CLAIM: VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS

40. Plaintiffs incorporate the foregoing paragraphs 1-39 as if fully rewritten herein.

41. At all relevant times herein, Plaintiffs had a right under the due process clauses of the state and federal constitutions not to be deprived of life, liberty, or property. U.S.C. Const. Amend. 14.

42. At all times relevant herein, the Defendants were state actors and their conduct was subject to 42 U.S.C. §§ 1983, 1985, and 1988.

43. Upon information and belief, at the meetings held between Plaintiffs and Defendants prior to the issuance of the Special Events Permit for Juneteenth, Plaintiffs made Defendants aware, verbally and in writing, of many of the various expenses it would incur to operate Juneteenth for the scheduled three days.

44. Furthermore, Plaintiffs and Defendants had established a course of dealing as this was the twenty-third consecutive year of the annual Juneteenth event in Columbus, Ohio.

45. Upon Defendants City and Parks' issuance of the Special Events Permit to Plaintiffs, Plaintiffs had a vested property interest in operating all three days of the Juneteenth event.

46. Defendants deprived Plaintiffs of it's vested, protected interest by shutting down Juneteenth on June 15 and June 16 of 2013.

47. Defendants' vague and overbearing regulation and/or custom and/or policy, which assigns one individual, Defendant Bernhardt, the right to deprive Plaintiffs of a vested interest without providing a pre or post due process hearing before or after Defendants' action of closing Juneteenth (which effectively served as a revocation of the Special Event Permit), and without compensation violates Plaintiffs' due process rights.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

8

48. Defendants' action of refusing to issue a Special Event Permit for the 2014 Juneteenth Event was done as retaliation for Plaintiffs' complaints to City officials about the unconstitutional closing of Juneteenth, which violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

49. As a direct and proximate cause of Defendant's aforementioned actions, Plaintiffs have suffered compensatory damages, damage to reputation, damage to business relationships, as well as other damages.

<b>THIRD CLAIM: DEFENDANTS VIOLATED PLAINTIFFS'<br>FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION</b>

50. Plaintiffs incorporate paragraphs 1-49 as if fully rewritten herein.

51. Defendants' actions of closing Juneteenth and refusing to issue Plaintiffs a Special Event Permit for the 2014 Juneteenth festival, were race-based in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because in similar situations non-African-American cultural events were not closed.

<b>FOURTH CLAIM: MUNICIPAL LIABILITY<br>FOR DEFENDANTS CITY, CPD AND PARKS</b>

52. Plaintiffs incorporate paragraphs 1-51 as if fully rewritten herein.

53. Defendant City's governmental policy and/or customs had the effect of permitting, encouraging, approving and ratifying all other Defendants violations of Plaintiffs' and it's target audience's Constitutional rights.

54. In furtherance of Defendants City, CPD and Bernhardt's custom, practice and/or policy, such Defendants have maliciously failed after repeated requests to provide a full release of the public information requested by Plaintiffs involving the circumstances surrounding Defendant Bernhardt's decision to shut down Juneteenth.

55. Defendant City had actual notice of Defendants Bernhardt, CPD and Park's discrimination against Plaintiffs, but never took action to adequately investigate or discipline or terminate such Defendants from employment. Therefore, Defendant City failed to correct the inappropriate actions of their subordinates.

BYRON L. POTTS & CO., LPA<br>ATTORNEYS AT LAW<br>415 EAST BROAD STREET<br>SUITE 112<br>COLUMBUS OHIO 43215<br>(614) 228-2154<br>www.blpotts.com<br>byronpotts@msn.com

9

56. All of Defendants' actions were accomplished with malicious intent and as a result of custom, policy and acquiescence of the City and its defendant departments and the defendants' actions are the proximate cause of injury and violations stated in this complaint.

## FIFTH CLAIM: PROMISSORY ESTOPPEL

### (Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367)

57. Plaintiffs incorporate paragraphs 1-56 as if fully rewritten herein.

58. As evidenced by the Special Event Permit, Defendants promised Plaintiffs that it would provide adequate security to hold the 2013 Juneteenth Festival for three days and Plaintiffs met all of the specifications and qualifications to operate Juneteenth for three days. (See Exhibit A)

59. On reliance of Defendant's promise, Plaintiff incurred numerous expenses related to the operation of Juneteenth and contracted with various vendors, sponsors, advertising agencies, entertainers, etc. to hold the three Day event.

60. As a result of the Defendants' promise to allow Plaintiffs to operate Juneteenth for three days at Franklin Park, and their breach to Plaintiffs' reasonable and detrimental reliance on their promise to do so, the Defendants are liable for direct, indirect, and consequential damages suffered.

## SIXTH CLAIM: BREACH OF CONTRACT

### (Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367)

61. Plaintiffs incorporate paragraphs 1-60 as if fully rewritten herein.

62. Defendants breached the contract (Special Event Permit) by shutting down the Juneteenth event on June 15 and 16 of 2013, and not providing adequate security for the event.

63. Pursuant to Defendants City and Parks' Special Event Permit, Defendant CPD was obligated to provide a security plan that determined the number of police officers needed at Juneteenth and they failed to provide adequate security to keep Juneteenth open for all scheduled dates.

64. Defendants were negligent and did not adequately design and/or execute the security plan.

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

10

65. Defendants violated the express and/or implied terms of the contract.

PRAYER OF RELIEF: Plaintiffs pray the Court to:

a). Issue an order enjoining defendants from prohibiting Plaintiffs from receiving a Special Events Permit for 2014;

b). Issue an order requiring Defendants to hold due process hearings (pre or post) when legally obtained Special Event permits or the permitted activities are curtailed by city officials or employees;

c). Issue an order enjoining Defendants from taking further retaliatory action against Plaintiffs;

d). Declare all of Defendants' actions in closing the 2013 Juneteenth Event as unconstitutional;

e). Award Plaintiffs an amount exceeding $4,000,000 in compensatory and punitive damages;

f).  Award Plaintiffs attorney fees and cost;

g).  For all such other and further relief to which Plaintiffs are entitled and as is just and proper under the circumstances.


JURY DEMAND

Plaintiffs, by and through its undersigned attorney, demands a trial by a jury.


Respectfully submitted,

Byron L. Potts & Co., L.P.A.

Byron L. Potts (0040246)
415 E. Broad Street, Suite 112
Columbus, Ohio 43215
Telephone: (614) 228-2154
Facsimile: (614) 228-2155
Email: byronpotts@msn.com
*Attorney for Plaintiffs*

BYRON L. POTTS & CO., LPA
ATTORNEYS AT LAW
415 EAST BROAD STREET
SUITE 112
COLUMBUS OHIO 43215
(614) 228-2154
www.blpotts.com
byronpotts@msn.com

11